[No. 896-1. Division One—Panel 1. December 20, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. WALLACE GLEN BISHOP, *Appellant*.

*Henry P. Opendack,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *James Miller, Deputy,* for respondent.

FARRIS, A.C.J.—Mr. Bishop appeals from a conviction on retrial of the crime of second-degree assault. In the original

proceeding, the trial court upon its own motion and over Mr. Bishop's objection declared a mistrial.

At the first trial, defense counsel advised the court that a deputy prosecuting attorney committed an act which may have been an attempt to threaten or intimidate William Gregory, a proposed defense witness, by suggesting to Mr. Gregory the possibility of his prosecution for assault if he testified. After conducting its own examination of the matter, the trial court was satisfied that the witness had not been threatened or intimidated with prosecution and advised the defense counsel of certain guidelines to be observed in the questioning of the witness. After the state had completed its case and rested, and the defense had called six witnesses, Mr. Gregory was testifying when the events that prompted the declaring of a mistrial occurred. The defense counsel questioned Mr. Gregory as to whether he had been charged with assault and whether he had been "warned by the state" that he might be charged if he testified at the trial. The state's objection to this second question was sustained and the jury was instructed to disregard it. Immediately, defendant Bishop interjected with "disregard the truth?" The trial court called for a recess, indicated his thinking about declaring a mistrial, and afforded both parties opportunity to research the question and offer their view. Subsequently, after hearing from counsel, the court indicated to the state that it could move for a mistrial. The state declined, whereupon the court declared a mistrial on its own motion over the objections of the defendant. Appellant thereafter filed a written motion for dismissal of the action. He argued that he had a right to be tried by the jury selected and sworn to try the case and that to do otherwise amounted to double jeopardy. The motion was denied and the cause was reassigned for trial on the same day. A second jury was impaneled and appellant again made the motion for dismissal, both prior to the introduction of evidence and after the state had rested its case. He was subsequently found guilty as charged.

The appeal raises the question of whether Mr. Bishop

was entitled to a dismissal of the charge based on the fifth and fourteenth amendments to the United States Constitution; that is, whether his retrial on the same charge violated his constitutional guarantees against double jeopardy in that the trial court declared a mistrial over his objection and in the absence of a request by the state, because of purportedly improper questions by defense counsel. We answer the question in the negative.

■ The court in *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969), held that the Fifth Amendment's double jeopardy provision applies to the states through the Fourteenth Amendment due process clause. In discussing the origins of this guarantee, the *Benton* opinion quotes from *Green v. United States,* 355 U.S. 184, 187, 2 L. Ed. 2d 199, 78 S. Ct. 221, 6 A.L.R.2d 1119 (1957):

> "[t]he underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*Benton,* 395 U.S. at 795.

■ The rationale of the court, first announced in *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165 (1824), is pertinent in deciding the question before us:

> [I]n all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; . . .

*Perez,* 22 U.S. (9 Wheat.) at 580.

In *Gori v. United States,* 367 U.S. 364, 6 L. Ed. 2d 901, 81 S. Ct. 1523 (1961), the trial judge, acting according to his convictions in protecting the rights of the accused, declared

a mistrial sua sponte with neither approval nor objection by defense counsel. Mr. Gori's conviction on retrial was appealed based on the Fifth Amendment's double jeopardy provision. The United States Court of Appeals, Second Circuit, noted that the trial judge's action was "overassiduous" and "premature," but did not hold the mistrial erroneous or an abuse of discretion. The Supreme Court in a 5-4 decision affirmed, holding that the discretion exercised by the trial judge was within that allowed by the *Perez* rule. We find that the ruling in *Gori* disposes of the question here. The statement made by Mr. Bishop in open court and in the presence of the jury, if believed, would indicate that the court was keeping the truth from the jury. The trial court, in its discretion, could properly conclude after hearing arguments from both sides and exercising a deliberate judgment, that the state was prejudiced by the remark and that such prejudice could not be eradicated except by declaring a mistrial.

Mr. Bishop's additional argument that the mistrial was improper because it was declared to "benefit" the state is not sound. The jury may be discharged and the defendant retried over his objection whenever, taking all of the circumstances into consideration, there is a manifest necessity to do so or the ends of public justice would otherwise be defeated. The Supreme Court in *Gori* discussed the application of the *Perez* principle:[1]

> Since 1824 it has been settled law in this Court that "The double-jeopardy provision of the Fifth Amendment . . . does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." *Wade* v. *Hunter*, 336 U. S. 684, 688. *United States* v. *Perez*, 9 Wheat. 579; *Thompson* v. *United States*, 155 U. S. 271; *Keerl* v. *Montana*, 213 U. S. 135, 137-138; see *Ex parte Lange*, 18 Wall. 163, 173-174; *Green* v. *United States*, 355 U. S. 184, 188. Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be

---

[1] *See also* Note, *Double Jeopardy: The Reprosecution Problem*, 77 Harv. L. Rev. 1272 (1964).

attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment. *Simmons* v. *United States*, 142 U. S. 148; *Logan* v. *United States*, 144 U. S. 263; *Dreyer* v. *Illinois*, 187 U. S. 71, 85-86. It is also clear that "This Court has long favored the rule of discretion in the trial judge to declare a mistrial and to require another panel to try the defendant if the ends of justice will be best served . . . ," *Brock* v. *North Carolina*, 344 U. S. 424, 427, and that we have consistently declined to scrutinize with sharp surveillance the exercise of that discretion. See *Lovato* v. *New Mexico*, 242 U. S. 199; cf. *Wade* v. *Hunter, supra.*

(Footnote omitted.) *Gori*, 367 U.S. at 367.

 Even when the motion to dismiss has been granted, see *Downum* v. *United States*, 372 U.S. 734, 10 L. Ed. 2d 100, 83 S. Ct. 1033 (1963); *United States* v. *Jorn*, 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547 (1971); and *State* v. *Connors*, 59 Wn.2d 879, 371 P.2d 541 (1962); the question is always the same: Is there the presence of extraordinary and striking circumstances which clearly indicate to a court in the reasonable exercise of its discretion that the ends of substantial justice cannot be obtained without discontinuing the trial. Any type of mechanical rule prohibiting retrial whenever circumstances compel the discharge of a jury without the defendant's consent "would be too high a price to pay for the added assurance of personal security and freedom from governmental harassment which such a mechanical rule would provide." *Jorn*, 400 U.S. at 480.

[A] defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.

*Wade* v. *Hunter*, 336 U.S. 684, 689, 93 L. Ed. 974, 69 S. Ct. 834 (1949). We find that the trial court, in the exercise of its discretion, properly aborted the initial proceeding. In so holding, we are not retreating from the requirement of calm deliberation and studied use of discretion by the trial court in declaring a mistrial.

[U]nquestionably an important factor to be considered is the need to hold litigants on both sides to standards of responsible professional conduct in the clash of an adversary criminal process. Yet we cannot evolve rules based on the source of the particular problem giving rise to a question whether a mistrial should or should not be declared, because, even in circumstances where the problem reflects error on the part of one counsel or the other, the trial judge must still take care to assure himself that the situation warrants action on his part foreclosing the defendant from a potentially favorable judgment by the tribunal.

. . . [I]n the final analysis, the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate.

*Jorn*, 400 U.S. at 485.

■ In the subsequent trial, Mr. Bishop requested the following instruction:

It is lawful for a private citizen to use deadly force in attempting to apprehend a fleeing felon (one who has committed a felony) in any situation where it would be lawful for a peace officer to do so.

Defendant's proposed instruction 4. He argued that he fired at the car in which the prosecuting witness was driving because the man who had assaulted him was escaping from the assault in that car. His theory, based upon RCW 9.11.040(2)[2] is that he was attempting to arrest a fleeing felon and therefore his use of the firearm was justified. A trial court is not required to submit instructions to the jury upon every theory requested by a party. The party offering the instruction must make a prima facie case as a matter of law to entitle him to instructions upon any theory, and an instruction not warranted by the evidence need not be given. *State v. Jamerson*, 74 Wn.2d 146, 443 P.2d 654

---

[2]"The use, attempt, or offer to use force upon or toward the person of another shall not be unlawful in the following cases:

". . .

"(2) Whenever necessarily used by a person arresting one who has committed a felony and delivering him to a public officer competent to receive him into custody;"

(1968); *State v. Hopkins*, 71 Wn.2d 10, 426 P.2d 496 (1967). The trial court correctly rejected the proposed instruction because the evidence presented did not support Mr. Bishop's theory.

■■ Error is also assigned to the failure of the trial court to instruct the jury on the lesser included offense of willfully discharging a firearm. The trial court properly rejected the proposed instruction. The crimes of which a person can be convicted, and those on which a jury is to be properly instructed, are strictly limited to those crimes charged by the information. *State v. Thompson*, 68 Wn.2d 536, 413 P.2d 951 (1966); *State v. Galen*, 5 Wn. App. 353, 487 P.2d 273 (1971). A person can be convicted of an offense not charged in the information only if that offense is necessarily included in the crime charged. See RCW 10.61.006[3]. A crime is necessarily included "only when *all of the elements* of the included offense are necessary elements of the offense charged." *State v. East*, 3 Wn. App. 128, 135, 474 P.2d 582 (1970). Here the crime charged in the information is second-degree assault of which the essential element is willfully assaulting another "with a weapon or other instrument or thing likely to produce bodily harm." RCW 9.11.020(4). To convict an accused of second-degree assault does not necessarily require proof of a violation of RCW 9.41.230, aiming or discharging firearms. Willfully discharging a firearm is not a necessary element of second-degree assault. The included offense requirements of RCW 10.61.006 are therefore not met. *See State v. Galen, supra.* The trial court properly rejected appellant's requested instruction.

Affirmed.

HOROWITZ, C.J., and UTTER, J., concur.

Petition for rehearing denied January 10, 1972.

Review denied by Supreme Court March 21, 1972.

---

[3]"In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information."