[No. 5989–1. Division One. March 12, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. BOBBY JOHNSON, *Appellant.*

*Mark Leemon* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

RINGOLD, J.—Bobby Johnson appeals from a conviction of first–degree arson. We reverse the judgment and sentence.

The information accused Johnson of first–degree arson and charged that

> on or about June 2, 1977, [he] did knowingly and maliciously cause a fire and explosion in a building . . . in which there was at that time a human being who was not a participant in the crime; [RCW 9A.48.020.]

Following the language in RCW 9A.04.110(12), the jury was instructed on the meaning of the element of "maliciously".

> Malice and maliciously mean an evil intent, wish, or design to vex, annoy, or injure another person. Malice may be inferred from an act done in willful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a willful disregard of social duty.

## THE MALICE INFERENCE

 Johnson contends the instruction[1] allows the jury to infer malice from facts which cannot support a finding of malice beyond a reasonable doubt. *State v. Bishop,* 90 Wn.2d 185, 188, 580 P.2d 259 (1978); *State v. Blight,* 89 Wn.2d 38, 44, 569 P.2d 1129 (1977); *State v. Roberts,* 88 Wn.2d 337, 340–41, 562 P.2d 1259 (1977). The State argues that the permissible inference established by the instruction does not shift the burden of proof and invades no constitutional right of the accused. *State v. Deiro,* 20 Wn. App. 637, 639–40, 581 P.2d 1079 (1978). We note initially that while this instruction sets forth a permissible inference, the rule that presumed facts must follow from proven facts also applies to permissible inferences. *Barnes v. United States,* 412 U.S. 837, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973); *State v. Odom,* 83 Wn.2d 541, 544–45, 520 P.2d 152 (1974). In this state, the inferred fact must follow from the proven fact beyond a reasonable doubt. *State v. Odom, supra* at 548.

 The first sentence of the challenged instruction defines the inferred fact of malice as "an evil intent, wish, or design to vex, annoy, or injure another person." The next sentence of the instruction sets out three alternative facts, and proof of any of these facts permits an inference of malice. Two of these alternative "proven facts" are "an act wrongfully done without just cause or excuse", and an "act or omission of duty betraying a willful disregard of social duty." Both of these alternatives could describe factual situations constituting negligent or reckless conduct by an actor. We conclude, under the facts of this case, that malice does not follow beyond a reasonable doubt from these two, alternative "proven facts". *State v. Blight, supra.*

---

[1]Johnson requested this instruction which he now challenges on appeal. He preserved the issue for our review, however, by specifically excepting to the trial court's refusal to give either of two other requested instructions designed to correct the alleged defects in the challenged instruction.

■ In determining whether an inference satisfies this test, the appellate court may utilize common experience, empirical data from outside the trial record, and the evidence at trial. *State v. Bishop, supra* at 189; *State v. Odom, supra* at 549. The defense at trial consisted of Johnson's testimony that newspapers were stored on a counter above the stove, a stove burner was kept on for heat, and the newspapers fell onto the burner and ignited. He also testified that after swatting the burning papers off, the stove and stomping on them, he fled because he heard two men outside the apartment whom he believed were planning to kill him.

Johnson's testimony, if believed, could have been viewed as establishing "an act wrongfully done without just cause or excuse" or "an omission of duty betraying a willful disregard of social duty" because the jury could have concluded he should have prevented the fire. It does not follow beyond a reasonable doubt from the fact that one should have prevented a fire that the fire was caused with "an evil intent, wish, or design to vex, annoy, or injure another person." The instruction, therefore, violated due process by permitting a conviction under facts which, if believed, could not be used to infer malice. *State v. Blight, supra.*

While Johnson contends otherwise, the record reveals other evidence which, if believed, could have established malice. In light of this other evidence, the evidentiary effect of the inference in RCW 9A.48.020 is to send the case to the jury and protect the State from a directed verdict of acquittal. *State v. Odom, supra.* It does not follow, however, that the language of this statutory inference can be read to the jury. It can be given as an instruction only if the facts and circumstances are such that the proven facts establish malice beyond a reasonable doubt. *State v. Roberts, supra; State v. Odom, supra; see* comment, WPIC 60.05 and *State v. Ogden,* 21 Wn. App. 44, 48 n.1, 584 P.2d 957 (1978).

PRESERVATION OF EVIDENCE

■ Because our decision requires a new trial, we shall address an issue raised by Johnson concerning the failure of the State to preserve evidence. He first contends the State should have preserved the fire ashes, but the record reveals no theory to show that the unidentifiable ashes were potentially material. Under *State v. Wright,* 87 Wn.2d 783, 557 P.2d 1 (1976), the duty to preserve evidence applies only to potentially material evidence. *State v. Christopher,* 20 Wn. App. 755, 761–62, 583 P.2d 638 (1978). Johnson also contends that the failure to photograph the ashes before they were touched denied him due process because the photographs would have shown that the paper had not burned completely and therefore could have accidentally ignited. There was eyewitness testimony, however, that there were identifiable newspaper pieces among the ashes, and this evidence was not disputed by the State. Due process was not violated because photographs would have been cumulative evidence of an undisputed fact. They could have added nothing to the defense nor affected the outcome of the trial. *State v. Haynes,* 16 Wn. App. 778, 789, 559 P.2d 583 (1977). Johnson has not established a right to a dismissal due to destruction of evidence.

This cause is reversed and remanded for a new trial.

SWANSON, A.C.J., and WILLIAMS, J., concur.