[No. 7319-2-I. Division One. November 24, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. NATHANIEL BEE SIMMONS, *Appellant*.

*Lewis H. Nomura* and *Mark Leemon* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gregory P. Canova, Deputy,* for respondent.

SWANSON, J.—Nathaniel Bee Simmons appeals from the judgment and sentence entered on a jury verdict finding him guilty of arson in the first degree. We find no reversible error and affirm.

Simmons' first contention is that the trial court erred in giving the following instruction defining knowledge:

A person knows or acts knowingly or with knowledge when:

(1) he or she is aware of a fact, facts or circumstances or result described by law as being a crime; or

(2) he or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by law as being a crime.

Acting knowingly or with knowledge also is established if a person acts intentionally.

Instruction No. 5.

Simmons correctly cites *State v. Shipp*, 93 Wn.2d 510, 610 P.2d 1322 (1980), as condemning an instruction identical to that given here because two of its three possible interpretations are unconstitutional. However, *Shipp* illustrates that only under certain circumstances does giving the instruction amount to reversible error. As the court observed with regard to the defendant in one of the cases consolidated in *State v. Shipp, supra,*

Atis Krumins claims that he was so naive that he didn't know that Joyce and Yvonne Shipp were engaging in prostitution. *It is possible* that the jury believed this and yet convicted him because it believed that an ordinary person would have known.

(Italics ours.) *Shipp*, at 517. Thus, the court concluded, because Krumins suggested that he was merely negligently ignorant, his conviction had to be reversed. Under the evidence in the instant case, however, it was *not* possible that the jury could have found that Simmons was merely reckless, negligent, or ignorant.

Simmons denied that he started the fire, his defense being alibi. The evidence was clear, however, that if he did start the fire, he did so knowingly or intentionally. There was evidence that Simmons had been fighting on the day of

the fire with one Bivens. Shortly before the fire, Bivens saw Simmons enter the apartment building. A young boy testified he saw Simmons about 15 minutes or half an hour before the fire with a can of paint thinner in his possession, and Simmons said at that time that he was going to burn up the building with the paint thinner. Testimony by a fire inspector indicated that the fire was deliberately set, began outside Bivens' apartment, and followed a trail of flammable liquid down the hall.

By returning a verdict of guilty, the jury rejected Simmons' alibi defense. It therefore found that he did start the fire. There being no evidence upon which it could have found he acted recklessly, negligently, or out of naive ignorance, any error in giving the knowledge instruction was harmless. *Cf. State v. Rogers,* 83 Wn.2d 553, 520 P.2d 159 (1974).

Simmons next argues that the trial court erred in giving the following instruction:

> Malice and maliciously mean an evil intent, wish, or design to vex, annoy, or injure another person. Malice may be inferred from an act done in willful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act of omission of duty betraying a willful disregard of social duty.

Instruction No. 7. He contends (1) the instruction unconstitutionally shifts the burden of proof by creating a mandatory presumption, and (2) the presumption makes arson tantamount to reckless burning and thus gives the prosecutor unconstitutional discretion to seek varying degrees of punishment for identical criminal elements.

 Regarding the first argument, it is sufficient to note that by its very language the instruction creates merely a permissible inference. Therefore, the instruction is distinguishable from that condemned in *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979), which the Supreme Court said could have been viewed by a reasonable juror as creating a mandatory or conclusive presumption. Moreover, the instructions as a whole made clear

that the State had the burden of proving every element of the crime charged, including malice, beyond a reasonable doubt. *See State v. Bishop*, 90 Wn.2d 185, 580 P.2d 259 (1978).

Simmons' contention that instruction No. 7 vests unconstitutional discretion in the prosecutor rests, as we understand it, on the argument that the presumed or inferred fact—malice—does not follow beyond a reasonable doubt from the proven fact. He cites *State v. Johnson*, 23 Wn. App. 605, 596 P.2d 1047 (1979), a first degree arson case in which we held it was error to give an instruction permitting the jury to infer malice when the defendant put on testimony which, if believed, established that the fire started accidentally, and he tried but failed to extinguish it. We concluded that under the facts of that case, an evil intent, wish, or design to vex, annoy, or injure another person did not follow beyond a reasonable doubt from conduct that was merely reckless or negligent.

██ In this case, however, there was no evidence that Simmons acted recklessly or negligently, and our inquiry is whether malice follows beyond a reasonable doubt from an act done in willful disregard of the rights of another. In making that determination, we may utilize common experience, empirical data from outside the record, and evidence at trial. *State v. Bishop, supra; State v. Johnson, supra.*

Based upon common experience and the evidence at trial, we conclude that an evil intent, wish, or design to vex, annoy, or injure another person follows beyond a reasonable doubt from the defendant's deliberately starting a fire with a flammable liquid outside the apartment of a man with whom he had been fighting earlier in the day. Therefore, under these facts, the instruction which permitted the jury to infer malice was proper.

██ Simmons next argues that the jury should have been instructed on the lesser offense of malicious mischief. We do not agree. An instruction on a lesser included offense must be given if each element of the lesser offense is a necessary element of the offense charged and there is evidence

in the case to support an inference that the lesser crime was committed. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). Under RCW 9A.48.090, an element of malicious mischief is causing physical damage to the property of another. Damage to property of another is not a *necessary* element of arson as defined in RCW 9A.48.020, and the proposed instruction was properly refused.

Affirmed.

WILLIAMS and ANDERSEN, JJ., concur.

Reconsideration denied February 17, 1981.

Review denied by Supreme Court April 17, 1981.