STATE of Minnesota, Respondent,

v.

Tommy W. ABEYTA, Appellant.

No. 82–29.

Supreme Court of Minnesota.

Jan. 14, 1983.

**444**

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Norman B. Coleman, Jr., and James B. Early, Sp. Asst. Attys. Gen., St. Paul, Ronald H. Schneider, County Atty., Willmar, for respondent.

PETERSON, Justice.

Defendant was charged with making a terroristic threat, criminal damage to property, assault with a dangerous weapon, reckless discharge of a firearm, possession of a sawed-off shotgun and possession of brass knuckles. He waived his right to trial by jury and was tried by the trial court. The trial court acquitted defendant of the charges of making a terroristic threat and criminal damage to property but found him guilty of the other charges. The court sentenced defendant to 30 days in jail (already served) for possessing the brass knuckles. Believing that under Minn.Stat. § 609.11, subd. 5 (Supp.1981) he had no choice but to sentence defendant to a minimum of 3 years in the prison, the court imposed a 54-month term under Minnesota Sentencing Guidelines and Commentary, II.E. (1982) for the assault with a dangerous weapon. The court stayed execution of sentence pending this appeal. Issues raised by defendant on appeal are (1) was the evidence sufficient to convict him of assault in the second degree, (2) should the conviction of reckless discharge of a firearm be vacated pursuant to Minn.Stat. § 609.04 (1980), and (3) should the case be remanded to the trial court for resentencing on the ground that the trial court erred in believing that he had no choice but to sentence defendant to a minimum of 3 years in prison. We affirm defendant's convictions but remand for resentencing in light of our recent decision in *State v. Olson,* 325 N.W.2d 13 (Minn.1982).

An associate of defendant gave a couple $600 to procure cocaine for him. The couple spent the money and did not deliver any cocaine. The associate decided to scare the couple into paying him back and persuaded defendant to do the job for him. Defendant and two others went to the house of the couple in the middle of the night and, after defendant or one of his companions cut the telephone wires, defendant fired a 12-gauge sawed-off shotgun at the house, hitting it. The three then fled. Defendant was later caught and he confessed, but at trial he claimed that he had not intended to put the couple in fear, only to startle them.

■ There is no merit to defendant's contention that the state failed to establish that he intended by his act of shooting the gun at the house to put the residents in fear of immediate bodily harm or death. *State v. Ott,* 291 Minn. 72, 189 N.W.2d 377 (1971).

■ Similarly, there is no merit to defendant's contention that his conviction for reckless discharge of a firearm should be vacated pursuant to Minn.Stat. § 609.04 (1980). That statute, as interpreted by this court, forbids two convictions of the same offense or of one offense and a lesser-included offense on the basis of the same criminal act. *State v. Kemp,* 305 N.W.2d 322 (Minn.1981). Under the approach which we have long taken, the trial court must look at the statutory definitions rather than the facts in the particular case to determine whether the lesser offense is necessarily included. An example of this approach is *LaMere v. State,* 278 N.W.2d 552 (Minn.1979), where we held that the offense of pointing a gun at a human being is not a lesser-included offense of assault with a dangerous weapon. One can commit assault with a dangerous weapon without committing reckless discharge of a firearm. Therefore, reckless discharge of a firearm clearly is not a necessarily included offense of assault with a dangerous weapon.

■ Defendant's final contention is that Minn.Stat. § 609.11, subd. 5 (Supp.1981) is unconstitutional if it is interpreted as allowing only the prosecutor to initiate sentencing without regard to the statutory mandatory minimum sentence. In *State v. Olson,* 325 N.W.2d 13 (Minn.1982), we gave the statute in question a saving interpretation, holding that the sentencing court, and not just the prosecutor, has the power under the statute to initiate sentencing without regard to the statutory mandatory minimum sentence. In this case the trial court assumed that it had no choice but to sentence defendant to the mandatory minimum term, whether or not there were mitigating circumstances present that would justify placing defendant on probation. Accordingly, it is necessary to remand this case for resentencing in light of our deci-

sion in *Olson.* At the resentencing hearing the parties will be able to present evidence and arguments bearing on whether or not this is an appropriate case for the trial court to exercise its authority to sentence defendant without regard to the mandatory minimum term. We express no opinion whether this is an appropriate case for the exercise of that authority.

Remanded for resentencing.