**STATE of Minnesota, Respondent,**

v.

**Arnold R. WILLIAMS, Appellant.**

**No. C4–82–572.**

Supreme Court of Minnesota.

Feb. 18, 1983.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, Michael Richardson and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

YETKA, Justice.

Defendant was arrested on June 20, 1981, for allegedly participating with at least two others in the armed robbery of the McDonald's restaurant at 210 East Lake Street in Minneapolis at midnight on June 16, 1981. Defendant, who was then 16 years old, was certified for prosecution as an adult and thereafter was charged with aggravated robbery, Minn.Stat. § 609.245 (1982). A district court jury found him guilty as charged. Normally, the presumptive sentence for this offense (severity level VII) by a person with defendant's criminal history score (zero) is 24 months in prison. In this case, however, the 3-year minimum term provision of Minn.Stat. § 609.11 (1982) applied. That translated into a Guidelines sentence of 54 months. Minnesota Sentencing Guidelines and Commentary, II.E. (1982). Defense counsel failed to persuade the prosecutor to move, pursuant to Minn. Stat. § 609.11, subd. 8 (1982), for sentencing without regard to the minimum 3-year prison term. Defense counsel also failed to persuade the trial court that it could depart from the minimum term without a motion by the prosecutor. On this appeal from judgment of conviction, defendant seeks an outright reversal on the ground that the evidence identifying him as one of the robbers was legally insufficient. Alternatively, he seeks either a modification of his sentence or a remand for resentencing. We affirm defendant's conviction, but remand for resentencing in light of our recent decision in State v. Olson, 325 N.W.2d 13 (Minn. 1982).

There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. Two employees of the restaurant positively identified defendant, who once worked at the restaurant, as one of the three robbers. Defendant's fingerprint was found on a pair of sunglasses that he apparently dropped during the robbery. A search of defendant's parents' house resulted in the discovery of a suit of clothing that resembled the clothing defendant wore during the robbery.

Defendant's other contention is that Minn.Stat. § 609.11 (1982) is unconstitutional if interpreted as allowing only the prosecutor to initiate sentencing without regard to the statutory mandatory minimum sentence. In State v. Olson, 325 N.W.2d 13 (Minn.1982), we gave the statute in question a saving interpretation, concluding that the sentencing court, and not just the prosecutor, has the authority to initiate sentencing without regard to the statutory mandatory minimum sentence. As in State v. Abeyta, 328 N.W.2d 443 (Minn.1983), the trial court assumed that it had no choice but to sentence defendant to the mandatory minimum term, whether or not there were mitigating circumstances present that would justify placing defendant on probation. Accordingly, as in Abeyta, we must remand this case for resentencing in light of our decision in Olson. At the resentencing hearing, the parties will be able to present evidence and arguments bearing on whether this is an appropriate case for departure from the mandatory prison term. We express no opinion on whether this is an appropriate case for departure.

Remanded for resentencing.