**STATE of Minnesota, Respondent,**

v.

**Tommy Wayne ABEYTA, Appellant.**

**No. C6–83–678.**

Supreme Court of Minnesota.

July 15, 1983.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, U. of M., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Lynch, County Atty., Willmar, for respondent.

AMDAHL, Chief Justice.

In *State v. Abeyta,* 328 N.W.2d 443 (Minn.1983), we affirmed defendant's conviction of assault with a dangerous weapon, reckless discharge of a firearm, possession of a sawed-off shotgun and possession of brass knuckles, but we remanded for resentencing in light of *State v. Olson,* 325 N.W.2d 13 (Minn.1982), because the trial court erroneously concluded that it had no choice under Minn.Stat. § 609.11 (1982) but to sentence defendant to a minimum of 3 years in prison (which translated into a 54-month Guidelines sentence) for the assault conviction. On remand a hearing was held before a different judge, who again sentenced defendant to an executed 54-month prison term for the assault conviction. This appeal followed, with defendant claiming that there were mitigating circumstances present which were so substantial that the trial court on remand erred in refusing to depart dispositionally. We affirm.

We have indicated in a number of cases that ordinarily we will not interfere with a sentence that falls within the presumptive sentence range, either dispositionally or durationally, even if there are grounds that would justify departure. In *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981), we stated:

> Minn.Stat. § 244.11 (1980) permits the appeal in this case and we do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

Other cases in which we have declined to modify sentences that were within the presumptive sentence range include *State v. Brusven,* 327 N.W.2d 591 (Minn.1982), and *State v. Kraft,* 326 N.W.2d 840 (Minn.1982). We decline the invitation to exercise our discretion and modify defendant's sentence.

Affirmed.