STATE of Minnesota, Respondent,

v.

Van Douglas JOHNSON, Appellant.

Nos. CX–83–490, C8–83–1430.

Supreme Court of Minnesota.

Jan. 20, 1984.

---

months in prison, which was the Sentencing Guidelines equivalent of the minimum term of 3 years mandated by section 609.-11.[1] The issue on this appeal is whether the trial court erred in refusing to sentence defendant without regard to the mandatory minimum term law and place defendant on probation. *See State v. Olson,* 325 N.W.2d 13 (Minn.1982). As in *State v. Frost,* 342 N.W.2d 317 (Minn.1983), and *State v. Abeyta,* 336 N.W.2d 264 (Minn.1983), we hold that the trial court did not abuse its discretion in refusing to depart dispositionally.

Affirmed.

---

C. Paul Jones, State Public Defender by Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Kirk, Ottertail County Atty., Fergus Falls, for respondent.

AMDAHL, Chief Justice.

The defendant was convicted after a jury trial on assault in the second degree, Minn. Stat. § 609.222 (1982) (assault with a dangerous weapon) and was sentenced to 54

---

1. The legislature recently amended section 244.-04 subd. 1, to provide as follows:

   Notwithstanding the provisions of section 609.11, subd. 6, and section 609.346, subdivision 1, the term of imprisonment of any inmate sentenced to a presumptive fixed sentence after May 1, 1980, shall be reduced in duration by one day for each two days during which the inmate violates none of the disciplinary offense rules promulgated by the commissioner. The reduction shall accrue to the period of supervised release to be served by the inmate.

   If an inmate violates a disciplinary offense rule promulgated by the commissioner, good time earned prior to the violation may not be taken away, but the inmate may be required to serve an appropriate portion of his term of imprisonment after the violation without earning good time.

   Act of June 6, 1983, 1983 Minn.Laws Ch. 274, section 6. Effective November 1, 1983, the presumptive sentence for a 3-year mandatory minimum term will no longer be 54 months or the cell time, whichever is longer, but 36 months or the cell time, whichever is longer. The applicability of these changes to defendant is not an issue on this appeal.