**STATE of Minnesota, Respondent,**

v.

**Felipe LUGO–DIAZ, Appellant.**

**No. C6–83–51.**

Supreme Court of Minnesota.

May 18, 1984.

C. Paul Jones, State Public Defender, Mark F. Anderson Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Thomas Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of making a terroristic threat against his former girlfriend and assaulting her with a dangerous weapon. Minn. Stat. §§ 609.11, 609.222 and 609.713, subd. 1 (1982). The presumptive sentence was 54 months in prison pursuant to the mandatory minimum term law. Minn.Stat. § 609.11 (1982). *See* Minnesota Sentencing Guidelines and Commentary, II.E. (1982). The trial court imposed and executed this sentence, denying a defense motion to depart and sentence without regard to the mandatory minimum term law pursuant to *State v. Olson*, 325 N.W.2d 13 (Minn.1982). On appeal, defendant does not challenge the sufficiency of the evidence, which was overwhelming, but claims that the trial court erred in failing to order a continuance so that defendant could try to obtain substitute counsel and in denying his motion to depart from the presumptive sentence. We affirm.

1. There is no merit to the contention that the court erred in failing to order the

continuance. Defendant did not inform the court of his dissatisfaction with his attorney, who is from the Neighborhood Justice Center, until the day that the case came on for trial. There was no excuse for the delay in making the request and defendant did not present any information to suggest that his attorney would not represent him effectively. On appeal defendant has failed to show that he was prejudiced by the court's failure to grant the continuance. We hold that the court did not err in its ruling. *State v. Beveridge*, 277 N.W.2d 198 (Minn.1979).

2. Defendant's contention that the trial court erred in denying his motion to depart is answered by the following decisions of this court: *State v. Johnson*, 342 N.W.2d 635 (Minn.1984); *State v. Frost*, 342 N.W.2d 317 (Minn.1983); *State v. Abeyta*, 336 N.W.2d 264 (Minn.1983).[1]

Affirmed.

---

1. Pursuant to retroactive changes in the Sentencing Guidelines effective November 1, 1983, defendant apparently is entitled to a reduction in sentence upon the return of this case to the district court after this decision becomes final.