[No. 13563-5-I. Division One. July 29, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. GERARDO OWANDAM PARTOSA, *Appellant.*

*Nancy L. Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jesse O. Franklin IV, Deputy,* for respondent.

COLEMAN, J.—Gerardo O. Partosa appeals his conviction on one count of assault in the third degree, RCW 9A.36.030,[1] and a second count of assault in the second degree, RCW 9A.36.020. Deadly weapon and firearm findings were made in each count. RCW 9.95.040; RCW 9.41-.025. Partosa assigns error to the trial court's refusal to give his proposed instructions on the lesser included or related offense of unlawful discharge of a firearm, RCW 9.41.230, on count 1, and on unlawful display of a weapon, RCW 9.41.270, and unlawful aiming of a weapon, RCW 9.41.230,

---

[1] The first count was originally charged as assault in the second degree, and the jury found Partosa guilty of the lesser included offense of assault in the third degree.

on count 2.[2]

On the evening of February 5, 1983, Partosa arrived at the South China Doll, a restaurant and nightclub, after attending a party where he had been drinking. Partosa approached a woman and asked her to dance. When she declined his invitation, he slapped her and then left the bar. Shortly afterward, Partosa returned and hit the woman again. At this point, Danny Grasso, who was sitting near the woman and had observed Partosa striking her, stood up and grabbed Partosa's left arm. Partosa pulled out a .357 magnum revolver with his right hand, raised the gun, and fired. Witnesses testified that the gun was raised "to the level of the shoulder" or "in the air" when it went off. Grasso was struck by a bullet in the left shoulder, and he sustained serious injuries.

Partosa testified that after he struck the woman, several men approached him. He feared they were going to beat him up, so he pulled out his gun and warned them to stay away. He testified that he did not intend to point the gun at anyone, that he tried to shoot the gun in the air, and that when Grasso fell, Partosa realized that Grasso was shot but he did not deliberately shoot Grasso.

On count 1, the trial court submitted instructions to the jury on the lesser included offense of third degree assault. Over Partosa's objection, the trial court refused to give his proposed instruction on the additional offense of unlawful discharge of a firearm. Partosa was convicted of third degree assault on count 1.

The second count involved a charge of assault on the same evening against a uniformed security guard at the South China Doll. The State concedes that it was error not to instruct on the lesser included offense of unlawfully displaying a weapon on count 2 and does not offer any argu-

---

[2]Partosa assigns error to the last paragraph of instruction 6 defining assault as it relates to count 2 only, and he also argues that the evidence is insufficient to support a conviction on count 2. Our disposition of count 2 is based on the State's concession of error, discussed *infra*; therefore, we need not address these contentions.

ment in its brief in response to Partosa's assignment of error 2 challenging the sufficiency of the evidence supporting that count.[3] Because of the State's concession of error and its failure to address the sufficiency issue, we accept Partosa's argument on count 2 without addressing the merits. Partosa's conviction on count 2 is reversed.

■ The sole issue remaining for review is whether, on count 1, the crime of unlawful discharge of a firearm was a lesser included offense of assault in the second degree. Our Supreme Court recently reiterated the 2–prong test for determining whether a lesser included offense instruction must be given:

> First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed.
> (Citations omitted.)

*State v. Parker,* 102 Wn.2d 161, 164, 683 P.2d 189 (1984) (quoting *State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978)). In discussing this test, this court observed that

> A lesser included offense instruction is proper only where each element of the "lesser" offense is a necessary element of the "greater" offense, and the evidence supports an inference that only the "lesser" offense was committed. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978); *State v. Bower,* 28 Wn. App. 704, 626 P.2d 39 (1981). . . . An equivalent form of this test is that if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime. *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973).

*State v. Putnam,* 31 Wn. App. 156, 163, 639 P.2d 858, *review denied,* 97 Wn.2d 1018 (1982).

In a very narrow range of cases, our Supreme Court has defined an offense as included within a greater offense

---

[3]In its brief, the State adopts Partosa's statement of facts on count 2 and concedes error on Partosa's assignments of error 2, 3, and 4. Brief of Respondent, at 2.

where an element of the lesser offense is an "inherent characteristic" of the greater offense. *Workman,* at 448. It is important to note, however, that in *Workman,* the court scrupulously analyzed the offenses under each prong—legal and factual—of the lesser included offense test. Beginning its analysis with the legal prong, the court stated that the relevant elements of robbery in the first degree were that each of the defendants was armed with a deadly weapon in the commission of a robbery. RCW 9A.56.200. The relevant elements of unlawfully carrying a weapon under RCW 9.41.270 were (1) carrying a firearm (2) under circumstances warranting alarm for the safety of others. Both of these elements are necessary to the greater crime of first degree robbery. Carrying a deadly weapon is a statutory means and, thus, an element of first degree robbery; similarly, "the element of circumstances warranting alarm under the lesser offense is an inherent characteristic of an attempt to commit a robbery." *Workman,* at 448.

Turning to the factual prong, *i.e.,* whether the evidence supported an inference that only the included crime was committed, the court found that the evidence in *Workman* clearly supported an inference that the defendants were carrying a firearm in a manner warranting alarm for the safety of others. *Workman,* at 448; *see also State v. Dowell,* 26 Wn. App. 629, 631, 613 P.2d 197 ("the element of circumstances manifesting an intent to intimidate another is an inherent characteristic of first–degree robbery."), *review denied,* 94 Wn.2d 1018 (1980). Thus, it was proper to submit to the jury an instruction on the lesser included offense of unlawfully carrying a weapon. *Workman,* at 449.

Partosa reads *Workman* as permitting a lesser included offense instruction whenever the evidence supports it. This is true only after the trial court has determined first that the proposed lesser offense is a lesser included offense under the law. Then the trial court may proceed to evaluate whether the facts justify submission of the included offense

to the jury. If, however, the first condition is not met, the instruction is properly refused. *State v. Simmons,* 28 Wn. App. 243, 248, 622 P.2d 866 (1980), *review denied,* 95 Wn.2d 1015 (1981); *State v. O'Neal,* 23 Wn. App. 899, 903, 600 P.2d 570, *review denied,* 93 Wn.2d 1002 (1979); *see also State v. Schneider,* 36 Wn. App. 237, 242–43, 673 P.2d 200 (1983) ("The test for a lesser included offense focuses on the statutory elements of the greater and lesser crimes, rather than on the facts of the particular case in which the two crimes occur." (Footnote omitted.)).

Partosa's proposed construction of *Workman* circumvents the legal requirement of the rule and ignores the careful attention *Workman* gave to each aspect of the test. The *Workman* court did not abandon the strict 2–prong law and fact analysis. Had our Supreme Court intended to depart from the strict test for determining when a lesser included offense instruction should be given, the court could have done so in cases subsequent to *Workman.* In fact, the Supreme Court has declined to formally adopt the broader "inherent relationship" test which expands the legal prong of the *Workman* test.[4] *State v. Johnson,* 100 Wn.2d 607, 628, 674 P.2d 145 (1983). In *Johnson,* at 628, our court explained *Workman* as a case where the elements of the lesser offense were *invariably* inherent in the greater offense and were part of the same act. *See also State v. Siverson,* 40 Wn. App. 518, 520, 698 P.2d 1126 (1985) (for a lesser included offense instruction to apply in Washington, "the elements of the lesser offense must *invariably* be inherent in the greater offense and be part of the same act

---

[4]Under the inherent relationship test of the Ninth Circuit,

a lesser included offense instruction must be given whenever (1) the offenses relate to protection of the same interests and (2) "'in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.'" *United States v. Johnson,* 637 F.2d 1224, 1239 (9th Cir. 1980) (quoting *United States v. Whitaker,* 447 F.2d 314, 319 (D.C. Cir. 1971)).

*State v. Johnson,* 100 Wn.2d 607, 628, 674 P.2d 145 (1983); *State v. Siverson,* 40 Wn. App. 518, 520, 698 P.2d 1126 (1985).

. . ." (citing *Johnson,* at 628)).[5,6]

To the extent that *Workman* relaxes the legal prong of the test, it does so only when, even though an element of the lesser crime may not be explicitly defined in the greater crime, examination of the elements of both offenses reveals that the elements of the lesser offense are invariably elements or inherent characteristics of the greater offense.

■ In the present case, we first examine the elements of the proposed lesser and greater offenses. As defined by statute, a person is guilty of assault in the second degree when he

(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; or

(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm;
. . .

RCW 9A.36.020(1), in part. The elements of discharging a firearm, the proposed lesser offense, are that a person willfully discharges a firearm in a public place or a place where a person might be endangered thereby, although no injury

---

[5]In *State v. Siverson,* 40 Wn. App. 518, 520, 698 P.2d 1126 (1985), operating a motor vehicle in a negligent manner was not a lesser included offense of second degree assault because the elements of the greater offense, assault, could be committed without committing the motor vehicle offense. Unlike the situation in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), operating a motor vehicle in a negligent manner is not a statutorily defined means of committing second degree assault and could not be said to be invariably inherent in the crime of second degree assault.

[6]*State v. Gatalski,* 40 Wn. App. 601, 612, 699 P.2d 804 (1985) is not inconsistent with the theory behind the strict rule. In *Gatalski,* this court held that unlawful restraint of another, which is necessary to a conviction for unlawful imprisonment, is a necessary element of kidnapping in the first degree, and therefore, unlawful imprisonment was properly submitted to the jury as a lesser included offense of attempted kidnapping. In that case, actual unlawful restraint of the intended victim was the substantial step taken to complete the crime of attempted kidnapping. *Gatalski,* at 613. Attempt is a unique type of crime, as it contains the element of "substantial step", which is not and cannot be statutorily defined. Therefore, this legal element of attempted offenses will be factually different in each case. *See State v. Workman,* 90 Wn.2d 443, 449, 584 P.2d 382 (1978). Where unlawful restraint of the intended victim is the substantial step involved in an attempt to kidnap, however, it will *invariably* be an element of the greater offense of attempted kidnapping.

results. RCW 9.41.230. When an assault is committed with a weapon, it is not necessary that the weapon be discharged to establish the crime of assault in the second degree. *See* WPIC 35.50. Thus, discharging a firearm is not an element of second degree assault, and furthermore, it is possible to commit the alleged greater offense of second degree assault without also committing the alleged lesser offense of discharging a firearm. Moreover, willful discharge of a firearm is not an inherent characteristic of second degree assault.

This court has previously held in *State v. Bishop,* 6 Wn. App. 146, 152, 491 P.2d 1359 (1971), *review denied,* 80 Wn.2d 1006 (1972), construing the predecessor to RCW 9A.36.020,[7] that aiming or discharging a firearm is not a lesser included offense of second degree assault. The *Bishop* court found that willfully discharging a firearm, which is a necessary element of RCW 9.41.230, is not a necessary element of second degree assault; proof of aiming or discharging a firearm is not necessarily required for a conviction of second degree assault. *Bishop,* at 152.[8] The *Bishop* court explained the reasoning behind the lesser included offense rule. A person can be convicted and a jury instructed only on those crimes charged by the information. An exception may be made and a person may be convicted of a crime not charged in the information only if the committed offense is necessarily included in the crime charged. *See also, e.g., State v. Miller,* 30 Wn. App. 443, 445, 635 P.2d 160 (1981), *review denied,* 96 Wn.2d 1026 (1982). It

---

[7]RCW 9.11.020(3) and (4), the predecessors to RCW 9A.36.020(b) and (c), are identical to the latter provisions, except that the mental state is changed from "willfully" in the old statute to "knowingly" in the current one.

[8]Other jurisdictions have agreed that discharge of a firearm is not a lesser included offense of assault. For example, in *State v. Abeyta,* 328 N.W.2d 443, 445, *aff'd,* 336 N.W.2d 264 (Minn. 1983), the Minnesota Supreme Court, applying a strict lesser included offense test, also rejected the contention that reckless discharge of a firearm is a lesser included offense of assault with a dangerous weapon:

> Under the approach which we have long taken, the trial court must look at the statutory definitions rather than the facts in the particular case to determine whether the lesser offense is necessarily included.

*Abeyta,* at 445.

follows that the trial court is not justified in instructing the jury on a lesser included offense unless the elements of the included offense are necessary elements of the offense charged. As we have observed, this legal requirement is not met in the present case.

Having carefully considered the cases applying the rule in Washington, we must reject Partosa's contention that the trial court should have given a lesser included offense instruction of unlawful discharge of a firearm on count 1. Consistent with those decisions, we adhere to the strict 2–prong analysis. The judgment on count 1 is affirmed; judgment on count 2 is reversed.

SCHOLFIELD, A.C.J., and SWANSON, J., concur.

SCHOLFIELD, A.C.J. (concurring)—I have signed the majority opinion but believe additional comments are appropriate. In *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), the court did not adhere strictly to the 2–prong test for a lesser included offense. It held an offense to be a lesser included offense, the elements of which were not necessary elements of the greater offense. The opinion in *Workman* introduced confusion and uncertainty into the subject of lesser included offenses because, while not following strictly the established rule, the court did not expressly recognize that it was adopting a different rule. In *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973), the pre–*Workman* rule was succinctly stated at page 583 as follows:

> A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. *State v. Bishop,* 6 Wn. App. 146, 491 P.2d 1359 (1971). Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.

The failure of *Workman* to strictly apply this rule leaves litigants and trial courts understandably uncertain as to what is or is not a lesser included offense. It will be very

helpful to have the rule clarified at the earliest opportunity.

Review denied by Supreme Court October 4, 1985.