*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-0916**

State of Minnesota,
Respondent,

vs.

Bryant Wayne Paige,
Appellant.

**Filed November 17, 2025**
**Affirmed**
**Reyes, Judge**

Hennepin County District Court
File No. 27-CR-23-14309

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Nicholas G. Kimball, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Worke, Judge; and Johnson, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

In this appeal following a conviction of first-degree criminal sexual conduct, appellant argues that (1) the postconviction court abused its discretion by denying his

petition to withdraw his guilty plea and (2) the district court abused its discretion by denying his motion for a downward durational departure. We affirm.

## FACTS

DNA testing revealed that appellant Bryant Wayne Paige conceived a child with a 13-year-old in the spring of 2022 when he was 32 years old. As a result, respondent State of Minnesota charged appellant with first-degree criminal sexual conduct—penetration or contact with a person under the age of 14 while the actor is at least 36 months older in violation of Minn. Stat. § 609.342, subd. 1a(e) (Supp. 2021).

Following the charge, appellant made four appearances without an attorney but maintained at each appearance that he had retained private counsel. The district court granted appellant continuances each time to allow appellant to appear with his counsel. Counsel appeared at appellant's fifth appearance and filed a certificate of representation the same day.

At a subsequent omnibus hearing, trial counsel raised the possibility of challenging a search warrant, and the district court gave appellant a week to address the issue. Trial counsel ultimately did not challenge the search warrant or file any other suppression motions because he "didn't see any that were worth pursuing."

Less than a month later, appellant agreed to plead guilty to the charged offense. In exchange, the state agreed to cap any prison time at 153 months, the bottom of the presumptive sentencing range based on appellant's criminal-history score of three points. *See* Minn. Sent'g Guidelines 4.B (Supp. 2021).

At the plea hearing, trial counsel questioned appellant to establish the factual basis for the plea. Among his other admissions, appellant stated that he reviewed the discovery with trial counsel, understood the plea and its consequences, and understood that the plea agreement was binding absent extraordinary circumstances. In his plea petition, appellant also affirmed his satisfaction with trial counsel. The district court determined that appellant had knowingly, voluntarily, and intelligently waived his trial rights. It accepted his guilty plea and ordered a presentence investigation (PSI) and psychosexual evaluation.

Prior to sentencing, appellant filed a motion for a downward durational departure. At the sentencing hearing, the state argued that appellant's crime resulted in a pregnancy and an immeasurable change to the victim's life. It also highlighted the almost-20-year age gap between appellant and the victim. Appellant, on the other hand, contended that the sexual conduct was of a "consensual nature," and he did not know that the victim was a minor. The district court considered all the information presented to it, including the parties' arguments, appellant's motion for a sentencing departure, the PSI, and the psychosexual evaluation. The district court determined that there were no substantial or compelling circumstances that warranted a sentencing departure and denied appellant's departure motion. The district court sentenced appellant to 153 months in prison, in accordance with the plea agreement and within the presumptive guidelines range. Appellant filed a notice of appeal, and this court stayed the appeal to allow appellant to petition the district court for postconviction relief. Appellant's postconviction petition requested a withdrawal of his guilty plea. He argued in part that his plea was involuntary

because "the circumstances surrounding his plea" made him feel "forced into pleading guilty." The postconviction court denied appellant's petition, and we reinstated this appeal.

**DECISION**

**I.    The postconviction court did not abuse its discretion by denying appellant's petition to withdraw his guilty plea.**

Appellant argues that he entered an involuntary guilty plea and "felt forced into pleading guilty" because trial counsel (1) was absent at appellant's first four appearances; (2) told appellant that others questioned "how he could represent someone like [appellant]"; (3) did not challenge the admissibility of a search warrant; and (4) did not consult with appellant about how to best proceed. Appellant asserts that, but for trial counsel's inadequate representation, appellant would not have pleaded guilty.[1] We are not persuaded.

A postconviction court must allow a defendant to withdraw a guilty plea if it is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Id.* A guilty plea is involuntary, and therefore invalid, if the defendant received ineffective assistance of counsel. *See State v. Ecker*, 524 N.W.2d 712, 718 (Minn. 1994); *Sanchez v. State*, 868 N.W.2d 282, 286 (Minn. App. 2015), *aff'd on other grounds*,

---

[1] The state argued that appellant did not brief a claim of ineffective assistance of counsel to the postconviction court and thereby forfeited the claim on appeal. Assuming without deciding that appellant did not forfeit this claim, appellant still does not prevail because he cannot satisfy the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).

890 N.W.2d 716 (Minn. 2017). Appellate courts "consider the [postconviction] court's factual findings that are supported in the record," and we "conduct a de novo review of the legal implication of those facts on the ineffective assistance claim." *State v. Nicks*, 831 N.W.2d 493, 503-04 (Minn. 2013).

Petitions for postconviction relief based on a claim of ineffective assistance of counsel must allege facts that, if true, would satisfy the two-prong *Strickland* test. *Nicks*, 831 N.W.2d at 504 (citing *Strickland*, 466 U.S. at 687).

Under the first *Strickland* prong, "the defendant must prove that counsel's representation fell below an objective standard of reasonableness." *Id.* (citing *Strickland*, 466 U.S. at 687-96). "[T]he standard for attorney competence is 'representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.'" *State v. Gassler*, 505 N.W.2d 62, 70 (Minn. 1993) (quoting *White v. State*, 248 N.W.2d 281, 285 (Minn. 1976)). "[T]here is a strong presumption that counsel's performance was reasonable" and this court does not second-guess counsel's trial strategy. *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013).

Under the second *Strickland* prong, appellant must show prejudice by "demonstrat[ing] a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Campos v. State*, 816 N.W.2d 480, 486 (Minn. 2012) (quotation omitted). Put differently, appellant must "prove that the outcome would have been different absent the errors," and to do so, "appellant must do more than merely make bald assertions and conclusory allegations." *Sanderson v. State*, 601 N.W.2d 219, 226 (Minn. App. 1999), *rev. granted* (Minn. Jan. 18, 2000) *and ord.*

*granting rev. vacated* (Minn. Mar. 28, 2000) (quotation omitted); *see also State v. Larsen*, 901 N.W.2d 433, 441 (Minn. App. 2017), *rev. denied* (Minn. Nov. 14, 2017).

We decline to analyze the first *Strickland* prong because appellant fails to satisfy the second *Strickland* prong. *See Andersen*, 830 N.W.2d at 10 (concluding appellate court need not address both *Strickland* prongs if one is dispositive). First, regarding trial counsel's absences, appellant fails to explain how those absences prejudiced him. We see no obvious prejudice, either; the district court granted appellant continuances until he obtained trial counsel, and once trial counsel became the attorney of record, he was present for all subsequent hearings. Second, appellant does not explain how a third party's questioning of trial counsel's decision to represent appellant resulted in prejudice. Third, we do not second-guess strategic decisions, which includes trial counsel's decision not to challenge the warrant. *See Andersen*, 830 N.W.2d at 10. Even if we did, appellant does not contend that challenging the warrant would have resulted in a different outcome. Fourth, appellant does not explain how he was prejudiced by a failure of trial counsel to consult with him.

We conclude that appellant's "bald assertions" that he was prejudiced and that he would not have pleaded guilty but for trial counsel's errors are insufficient to support plea withdrawal. *See Sanderson*, 601 N.W.2d at 226. As a result, we discern no abuse of discretion by the postconviction court.

**II.** **The district court did not abuse its discretion by denying appellant's motion for a downward durational departure.**

Appellant argues that substantial and compelling circumstances existed for a departure because his offense was "less serious than the typical offense." He supports this argument with contentions that the unlawful sexual contact was "consensual," and that he did not know the victim was a minor. Appellant's argument is unavailing.

Appellate courts review a district court's denial of a motion for a downward durational departure for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). "A [district] court must pronounce a sentence within the applicable [sentencing guidelines] range unless there exist identifiable, substantial, and compelling circumstances that distinguish a case and overcome the presumption in favor of the guidelines sentence." *Id.* at 308 (quotation omitted). "A durational departure is a sentence that departs in length from the presumptive guidelines range" and "must be based on factors that reflect the seriousness of the offense, not the characteristics of the offender." *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016) (emphasis omitted). When presented with a motion for a sentencing departure, district courts may consider a nonexclusive list of mitigating and aggravating factors provided by the sentencing guidelines. *See* Minn. Sent'g Guidelines 2.D.3.a-b (Supp. 2021). One mitigating factor is whether "[o]ther substantial grounds exist that tend to excuse or mitigate the offender's culpability, although not amounting to a defense." Minn. Sent'g Guidelines 2.D.3.a(5). If the record shows that the district court carefully considered and evaluated the information presented to it, this court "may not interfere" with its imposition of a presumptive sentence, "even if there are

grounds that would justify departure." *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. App. 1985); *State v. Abeyta*, 336 N.W.2d 264, 265 (Minn. 1983).

Appellant acknowledges that mistake of age is not a defense to his crime. He nonetheless argues that it is unclear whether the district court considered his asserted mistake or the "consensual nature" of the unlawful sexual conduct.[2] However, the record shows that the district court read appellant's written motion for a sentencing departure and heard his oral argument in support, both of which included these exact arguments. The record further shows that the district court reviewed the PSI and the psychosexual evaluation. The district court stated that, while it found some mitigating factors in appellant's case, it also found aggravating factors, and for that reason, it "[did] not find[] that substantial or compelling circumstances exist[ed] to warrant any type of a departure." Because the district court considered all information presented to it and imposed a sentence within the presumptive range, we conclude that it did not abuse its discretion when it denied appellant's motion for a downward durational departure.

**Affirmed.**

---

[2] Appellant cites a nonprecedential opinion of this court in support of his argument on appeal. Because his reliance is unpersuasive and nonprecedential opinions are not binding on this court, we do not consider the nonprecedential opinion. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c) ("Nonprecedential opinions and order opinions are not binding authority . . . [but] may be cited as persuasive authority.").