[No. 7123–8–I.   Division One.   February 25, 1980.]

THE STATE OF WASHINGTON, *Appellant*, v. LARRY
E. GILCHREST, *Respondent*.

*David F. Thiele, Prosecuting Attorney,* and *David L. Jamieson, Jr., Deputy,* for appellant.

*Michael M. Waller* and *Zylstra & Beeksma,* for respondent.

JAMES, J.—The State appeals from an order dismissing a rape charge against Larry E. Gilchrest. It contends that

prosecution was proper because Gilchrest did not successfully complete a sexual psychopathy treatment program as required by a plea bargain agreement. We agree.

Gilchrest was charged with rape and indecent liberties. He entered into a plea bargain agreement whereby the State recommended 1 year's probation and commitment to the sexual psychopathy program in exchange for Gilchrest's plea of guilty on the indecent liberties charge. In addition, the parties agreed as follows:

> The Prosecuting Attorney agrees not to pursue the criminal charge filed as Count I in this case, to–wit: the offense of rape, so long as the defendant participates in the commitment treatment program and any follow–up program to their respective successful conclusion [sic]. Should the results of either program be evaluated as inconclusive, or should the conclusion be reached by persons conducting observation and/or treatment of the defendant that the defendant is not amenable to the treatment under either of these programs, the Prosecuting Attorney may pursue the criminal charge of rape against the defendant, . . .

Gilchrest was committed to Western State Hospital for treatment for sexual psychopathy. He successfully completed the inpatient portion of the commitment program but, after his violation of the terms of an outpatient and work–release program, he was referred back to the Island County Superior Court as being no longer amenable to treatment in the sexual offender program.

The State resumed prosecution of the rape charge, and Gilchrest moved to dismiss on the grounds of double jeopardy, collateral estoppel and violation of due process of law. After argument, the trial judge stated that in consideration of "the overall picture," "basic justice" required dismissal because the renewed prosecution for rape violated due process of law.

On appeal, Gilchrest contends that dismissal was proper because of double jeopardy and violation of due process. We do not agree.

■ The procedure employed in this case did not violate double jeopardy precepts. Proof of the crime of indecent liberties under former RCW 9.79.080 required proof that the victim was a "person of chaste character." Proof of rape under former RCW 9.79.010 did not require such proof. Because proof of indecent liberties required proof of facts not required to prove rape, it was not a lesser included offense and prosecution for rape did not constitute double jeopardy. *State v. Morlock,* 87 Wn.2d 767, 557 P.2d 1315 (1976).

■ Neither do we find a violation of Gilchrest's due process rights. Prior to completion of the program, the Department of Social and Health Services (DSHS) referred Gilchrest back to the Superior Court as being "no longer amenable to treatment" in the sexual offender program. Under the specific terms of the agreement, therefore, the State was free to prosecute Gilchrest on the rape charge. *State v. Yates,* 13 Wn. App. 116, 533 P.2d 846 (1975); *State v. Giebler,* 22 Wn. App. 640, 591 P.2d 465 (1979).[1]

Subsequent to the commencement of this appeal, the trial judge unconditionally released Gilchrest, finding that he "has received a maximum benefit at treatment," and

---

[1]*Blackledge v. Perry,* 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974) and *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), which are relied upon by Gilchrest, do not support his contention that his due process rights were violated. Those cases involve retaliation or vindictiveness by the prosecutor.

In [*Blackledge* and *Pearce*] the Court was dealing with the State's unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction—a situation "very different from the give–and–take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power."

. . .

. . . [I]n the "give–and–take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.

*Bordenkircher v. Hayes,* 434 U.S. 357, 362, 363, 54 L. Ed. 2d 604, 98 S. Ct. 663 (1978). In this case, the trial judge specifically found no vindictiveness or arbitrary action by the prosecutor.

that he is safe to be at large. As a result, Gilchrest contends that the issues on appeal are moot. We do not agree.

Gilchrest had served the maximum time on the indecent liberties charge to which he had pleaded guilty. Therefore, because the State was not able to prove beyond a reasonable doubt that he was still dangerous, he had to be released from the sexual psychopathy program. *State v. McCarter*, 91 Wn.2d 249, 588 P.2d 745 (1978). However, his release has no bearing on the validity of the rape charge. The only relevant evidence, as disclosed by the record on appeal, is that Gilchrest did not complete the sexual offender program and was found to be not amenable to treatment. Thus, he may well have "received a maximum benefit" from the treatment program, but he did not comply with the specific terms of the agreement.[2]

The trial judge's order dismissing the rape charge is reversed, and the State may resume prosecution of Gilchrest for that offense.

ANDERSEN and DORE, JJ., concur.

---

[2]Letters received by the trial judge from DSHS indicate that Gilchrest "received a maximum benefit" because he was no longer willing to cooperate in the treatment program. The letters also clearly reveal that he was considered to be no longer amenable to treatment and did not successfully complete the treatment program.