[No. 3743-6-III.   Division Three.   October 13, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY A. MILLER, *Appellant*.

*Timothy Mahoney,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore, Deputy,* for respondent.

GREEN, J.—Jerry A. Miller appeals his conviction of the crime of indecent liberties. The question presented is whether the crime of indecent liberties is a lesser included offense of statutory rape.

The only facts relevant to this appeal are: On November 3, 1978, Mr. Miller was charged by information with statutory rape in the second degree pursuant to former RCW 9.79.210. The jury was instructed the crime charged necessarily includes the crime of indecent liberties. Mr. Miller was found not guilty of statutory rape, but guilty of indecent liberties.

Mr. Miller contends indecent liberties is not a lesser included offense of statutory rape, but is a distinct crime. He argues he cannot therefore be convicted of indecent liberties because it was not charged. We disagree.

■■ The Washington State Constitution, article 1, section 22 (amendment 10) and the sixth amendment to the

United States Constitution both confer upon a defendant the right to be informed of the nature and cause of an accusation against him. Based upon these provisions, a general rule has developed that a person can be convicted only of those crimes charged in the information; however, an exception exists where a defendant may be found guilty of a lesser included offense of the one charged in the information. *State v. Foster,* 91 Wn.2d 466, 471, 589 P.2d 789 (1979); RCW 10.61.006.[1] The prosecution may rely upon the exception only when all the elements of the included offense are necessary elements of the offense charged. *State v. Workman,* 90 Wn.2d 443, 447, 584 P.2d 382 (1978); *State v. O'Neal,* 23 Wn. App. 899, 600 P.2d 570 (1979); *State v. Bowen,* 12 Wn. App. 604, 531 P.2d 837 (1975); *State v. East,* 3 Wn. App. 128, 474 P.2d 582 (1970).

The elements of RCW 9.79.210,[2] the statutory rape statute under which Mr. Miller was charged, require the perpetrator to be: (1) over 16 years of age; and (2) engage in sexual intercourse as defined by RCW 9.79.140;[3] the victim must (3) not be married to the perpetrator; and (4) be 11

---

[1] RCW 10.61.006 provides, in pertinent part:

". . . the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information."

[2] RCW 9.79.210, recodified as 9A.44.080 effective July 1, 1979, provides:

"A person over sixteen years of age is guilty of statutory rape in the second degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is eleven years of age or older but less than fourteen years old."

[3] RCW 9.79.140, recodified as RCW 9A.44.010, effective July 1, 1979, defines "sexual intercourse" as:

"(1) 'Sexual intercourse' (a) has its ordinary meaning and occurs upon any penetration, however slight, and

"(b) Also means any penetration of the vagina or anus, however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and

"(c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex."

but less than 14 years of age. Comparing the elements of this statute with the elements of the indecent liberties statute, RCW 9A.88.100,[4] insofar as applicable to this case, we find (1) the perpetrator must knowingly cause another to have sexual contact with him; and the victim must (2) not be married to the perpetrator; and (3) be less than 14 years of age. Here, Mr. Miller was over 16 years of age and not married to the victim, who was over 11 and less than 14 years of age. Although sexual contact as defined by the indecent liberties statute does not necessarily require penetration, sexual intercourse as defined in RCW 9.79.140 necessarily requires the touching of sexual or other intimate parts of a person as defined under the indecent liberties statute. All elements of indecent liberties in this case are necessary elements of statutory rape.[5] Therefore, the crime of indecent liberties is a lesser included offense of statutory rape in the second degree and Mr. Miller's contention must be rejected.

In view of our holding, we need not reach the other contentions raised by Mr. Miller.

---

[4]RCW 9A.88.100, recodified as RCW 9A.44.100 effective July 1, 1979, defines "indecent liberties" as:

"(1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

"(a) By forcible compulsion; or

"(b) When the other person is less than fourteen years of age; or

"(c) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.

"(2) For purposes of this section, 'sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party."

[5]We note the recent decision in *State v. Gilchrest*, 25 Wn. App. 427, 607 P.2d 1243 (1980), held indecent liberties is not a lesser included offense of rape. That case is not controlling. It involved the former indecent liberties statute, RCW 9.79.080(1) which, contrary to the present statute, required proof the victim was a "person of chaste character."

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.

Reconsideration denied November 10, 1981.

Review denied by Supreme Court January 8, 1982.