[No. 13092–7–I. Division One. August 6, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM JAMES JOLLO, *Appellant.*

*Paris K. Kallas* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David H. Smith, Deputy,* for respondent.

DURHAM, C.J.—William Jollo appeals his conviction of indecent liberties. He claims the trial court erred in admitting the testimony of a therapist who evaluated him during plea bargain negotiations. Jollo also assigns error to the trial court's sua sponte finding of guilty on a lesser included offense of the crime charged. We reverse the conviction.

On July 6, 1982, Angie L., then age 10, went to a farm near her home to ride horses. Jollo, then age 21, was living

at the farm. When Angie was finished riding, Jollo asked her to accompany him to his bedroom for a "caressing" lesson. When they were alone in the bedroom, Jollo removed his shirt and had Angie lie on the floor. Jollo then massaged Angie's back with his hands, and had Angie massage his chest and back with her hands. After the massage, Jollo told Angie to get down on her knees, close her eyes, and open her mouth. When Angie heard Jollo, who was standing behind her, unzip his pants, she stood up. She bumped into Jollo, fell down, and Jollo fell on top of her. As Angie struggled to get up, she began to cry. At that point Jollo let her go. Later that day, Angie told a friend's father about the incident, and the police were called.

Jollo was charged with attempted first degree statutory rape and second degree assault. In the course of plea bargain negotiations, the prosecutor's office asked that Jollo be evaluated concerning his amenability to treatment. Accordingly, Jollo was examined by a therapist, one Marsha Macy. In the course of the examination, Jollo made several incriminating statements. The therapist's report was provided to the State.

On October 11, 1982, Jollo appeared in court to plead guilty to attempted statutory rape. In return, the State was prepared to dismiss the assault charge. To give Jollo an opportunity to review the plea agreement, the hearing was continued until the afternoon. Jollo did not reappear, and was arrested 2 months later. On February 2, 1983, Jollo was tried without a jury on the charges of attempted statutory rape and assault. The stipulated testimony of therapist Marsha Macy was admitted over defense's objection. At the close of the State's case, the trial court dismissed the assault charge. After the defense had rested, the trial court dismissed the statutory rape charge and found Jollo guilty of indecent liberties. Jollo appeals.

Jollo first argues that admitting the stipulated testimony of therapist Marsha Macy was a violation of ER 410. ER 410 provides:

Except as otherwise provided in this rule, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, *or of statements made in connection with, and relevant to, any of the foregoing pleas or offers,* is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath and in the presence of counsel. This rule does not govern the admissibility of evidence of a deferred sentence imposed under RCW 3.66.067 or RCW 9.95.200–.240.

(Italics ours.) The purpose of ER 410 is to encourage the disposition of criminal cases through plea bargaining. The rule allows an accused to participate candidly in plea discussions, without the fear that his plea or plea–related statements will be used against him at trial. *United States v. Herman,* 544 F.2d 791, 796–97 (5th Cir. 1977); *United States v. Davis,* 617 F.2d 677, 686 (D.C. Cir. 1979), *cert. denied,* 445 U.S. 967 (1980).

As a condition to plea bargaining, the State required Jollo to submit to a psychological evaluation. During the evaluation, Jollo made incriminating statements about sexual fantasies involving Angie on the day of the incident. Jollo later testified that he was advised to be candid with the therapist in order to induce the State to enter a plea agreement. We hold that Jollo's statements to the therapist were "statements made in connection with, and relevant to" an offer to plead guilty, and were inadmissible at trial, pursuant to ER 410.

In arguing that the therapist's testimony was not inadmissible, the State relies on the comment to ER 410 which provides that "statements made as a *result* of a plea bar-

gain [are not] necessarily inadmissible."[1] However, this language applies only to statements made *after* a plea agreement has been reached. In some cases, suppressing statements made after a plea agreement will not serve ER 410's purpose of fostering plea negotiations.[2] *See United States v. Stirling*, 571 F.2d 708 (2d Cir.), *cert. denied*, 439 U.S. 824 (1978) (rule does not preclude admission of statements to a grand jury given after formalization of a plea bargain); *United States v. Davis, supra* (same). Here, however, Jollo's statements to the therapist were made in the attempt to induce a plea agreement. As such, the statements were inadmissible under ER 410.

The State also argues that ER 410 should not apply because Jollo rather than the State breached the plea agreement. This argument lacks merit for several reasons. First, the language of ER 410 does not suggest that the manner in which a plea agreement fails has any relation to the admissibility of statements made during plea negotiations:

[E]vidence . . . of statements made in connection with, and relevant to, any of the foregoing pleas or offers, *is not admissible in any civil or criminal proceeding against the person who made the plea or offer.*

(Italics ours.) ER 410. Second, the State's position would have the effect of discouraging plea negotiations by penalizing defendants who, for whatever reason, choose to reject a plea agreement and go to trial. Finally, the State has not provided any authority for its position. Accordingly, the trial court erred in admitting the testimony of Jollo's

---

[1]The comment cites *Hutto v. Ross*, 429 U.S. 28, 50 L. Ed. 2d 194, 97 S. Ct. 202 (1976) in support of this proposition. However, *Hutto* expressly distinguished ER 410, and held that a confession given after a plea bargain agreement had been reached was not necessarily *involuntary. See Hutto*, 429 U.S. at 30 n.3.

[2]However, at least one court has found that certain statements made after a plea agreement were "made in connection with, and relevant to" a plea, and are inadmissible under the rule. *United States v. Albano*, 414 F. Supp. 67, 69 (S.D.N.Y. 1976).

therapist.[3]

Jollo also argues that the therapist's testimony was inadmissible pursuant to the attorney–client and doctor–patient privileges. Given our disposition of the case pursuant to ER 410, we need not address the privilege question.

 Jollo also assigns error to the trial court, sua sponte, amending the charges to include a lesser included offense. We find no error. As a general rule, an accused may be convicted only of those crimes charged in the information. *State v. Foster*, 91 Wn.2d 466, 471, 589 P.2d 789 (1979). However, an accused may be found guilty of a lesser included offense than that charged. *State v. Foster, supra.* Indecent liberties is a lesser included offense of statutory rape. *See State v. Miller*, 30 Wn. App. 443, 446, 635 P.2d 160 (1981). We find nothing improper in the fact that the lesser included offense was proposed by the court rather than by one of the parties.

The judgment is reversed.

RINGOLD and SCHOLFIELD, JJ., concur.

___

[3]Because the contents of the therapist's report were highly prejudicial, we cannot agree with the State's claim that it was harmless error to admit the report into evidence.