[No. 8638-7-II.  Division Two.  September 8, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK N. ABBOTT, *Appellant.*

*Steven W. Thayer,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard A. Melnick, Deputy,* for respondent.

Petrie, J.*—Defendant, Frank N. Abbott, Jr., appeals an order of revocation of probation and judgment and sentence of confinement for a maximum term of 20 years for the crime of statutory rape in the first degree, RCW 9A.44-.070, entered after the trial court denied defendant's motion to withdraw his previously entered plea of guilty. On appeal, he assigns error to the trial court's denial of his motion to withdraw his plea of guilty. His theory is that, because he had never been advised as to the mens rea necessary to prove the crime charged, his plea of guilty was invalid on due process grounds. We find no error and affirm the judgment and sentence.

Defendant's argument on appeal appears to have two separate and distinct facets: (1) the Legislature "failed to establish a mens rea for the crime of statutory rape in the first–degree," RCW 9A.44.070; and (2) defendant was not advised of every essential element of the crime charged, citing *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980).

Defendant's first contention is absolutely correct. The Legislature, in defining the crime of first degree statutory rape, did *not* set forth a degree of culpability as an element of the crime.[1] At the time defendant's plea of guilty was accepted, he told the court that he engaged in sexual intercourse with a female less than 11 years of age and that he was over the age of 13 years. Those are all the facts necessitated by the Legislature to establish the crime charged. He contends, however, that at least the element of "knowledge" must be an *implied* element of statutory rape. We do

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

[1]Former RCW 9A.44.070 provides:

"(1) A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less then eleven years old.

"(2) Statutory rape in the first degree is a class A felony. No person convicted of statutory rape in the first degree shall be granted a deferred or suspended sentence except for the purpose of commitment to an inpatient treatment facility."

not agree.

■ A statute may punish conduct alone, without making any specific degree of culpability an element of the crime. *State v. Cleppe,* 96 Wn.2d 373, 635 P.2d 435, *cert. denied,* 456 U.S. 1006 (1981); *State v. Stroh,* 91 Wn.2d 580, 588 P.2d 1182, 8 A.L.R.4th 760 (1979). When the Legislature fails to specify a given degree of culpability to constitute the activity deemed punishable as a crime, the courts may sometimes find that the statute contains an implied element of specific intent or guilty knowledge before the perpetrator can be said to have committed the crime. *State v. Stroh, supra.* But the courts will not find an implied element in the face of a legislative intent to the contrary. *State v. Cleppe, supra.*

■ In the case at bench, we find no legislative intent to warrant imposition by implication that the perpetrator had to either know that facts which define the offense existed at the time the activity occurred or that he had knowledge of information which would lead a reasonable man to believe that those facts existed. Indeed, we find a contrary intent. RCW 9A.44.030, which provides a statutory defense to the crime charged, expressly provides that, except under specified circumstances *which must be proved by defendant* under a preponderance of the evidence standard, "it is no defense that the perpetrator did not know the victim's age, or that the perpetrator believed the victim to be older".[2] Thus, lack of knowledge of one of the three statutory elements of the crime, *i.e.,* the victim's age, was expressly deemed not even a defense to the crime charged (except for limited circumstances not pertinent herein). It is patently

---

[2]RCW 9A.44.030 provides in part:

"(2) In any prosecution under this chapter in which the offense or degree of the offense depends on the victim's age, it is no defense that the perpetrator did not know the victim's age, or that the perpetrator believed the victim to be older, as the case may be: *Provided,* That it is a defense which the defendant must prove by a preponderance of the evidence that at the time of the offense the defendant reasonably believed the alleged victim to be older based upon declarations as to age by the alleged victim."

frivolous to hold, by implication, that an element of the crime is that the accused must have knowledge that he is over the age of 13.

The only other statutory element of the crime charged is the commission of an act of "sexual intercourse with another person." Presumably, defendant's contention is that the Legislature impliedly imposed upon the State the burden to prove that he "knowingly" engaged in sexual intercourse[3] with another person.

Here, we must distinguish between a person's knowledge of which specific acts have been defined by the Legislature as constituting "sexual intercourse" and a person's ability or capacity—at the time he commits those acts—to know that he is in fact performing those acts. Were we to hold that the State has the burden to prove that an accused had knowledge of which specific act or acts have been defined as "sexual intercourse," we would have to say that the State must prove that an accused has precise knowledge of the law. We cannot and do not hold that the Legislature impliedly imposed that burden upon the State. Were we to hold that the State must prove that an accused had the mental capacity or ability to know that he was in fact performing the acts specified, we would be converting a defense burden into a prosecutorial burden. In the absence of a statutory mandate to that effect we refuse to find such a transposition of burdens by implication.

In short, the Legislature has imposed strict criminal liability upon those persons over age 13 who engage in acts of sexual intercourse with persons younger than themselves by

---

[3]RCW 9A.44.010 provides in part:

"(1) 'Sexual Intercourse' (a) has its ordinary meaning and occurs upon any penetration, however slight, and

"(b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and

"(c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex."

2 or more years. The legislative intent is clear. The Legislature has chosen a specific means to combat the social evil of carnal abuse or exploitation of children by persons more than 2 years older than themselves. We will not impose any additional burdens upon the State than those mandated by statute.

Defendant directs our attention to *State v. Miller*, 30 Wn. App. 443, 635 P.2d 160 (1981), *review denied*, 96 Wn.2d 1026 (1982), in which the court held that the crime of indecent liberties[4] is a lesser included offense of the crime of statutory rape in the second degree.[5] He contends that, because indecent liberties requires the State to prove that an accused "knowingly causes another person . . . to have sexual contact with him or another", necessarily the court in *Miller* held that the knowledge element is present by implication in the crime of statutory rape. Such a conclusion may be warranted, but the *Miller* court did not expressly so hold. To the extent that *Miller* may be so interpreted, we decline to follow it.

The record reveals that defendant was aware of, and told the court that he had performed, all the elements of the crime of first degree statutory rape. There was no basis for the trial court to have granted his motion to withdraw his

---

[4]Former RCW 9A.44.100 defines indecent liberties as follows:

"(1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

"(a) By forcible compulsion; or

"(b) When the other person is less than fourteen years of age; or

"(c) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.

"(2) For purposes of this section, 'sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.

"(3) Indecent liberties is a class B felony."

[5]RCW 9A.44.080 defines statutory rape in the second degree as follows:

"(1) A person over sixteen years of age is guilty of statutory rape in the second degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is eleven years of age or older but less than fourteen years old.

"(2) Statutory rape in the second degree is a class B felony."

plea of guilty.

Judgment affirmed.

REED, A.C.J., and ALEXANDER, J., concur.

Reconsideration denied October 14, 1986.

Review denied by Supreme Court January 9, 1987.