IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48365-3-II |
| Respondent, | |
| v. | |
| STEVEN THOMAS PESCHL, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, P.J. — Steven T. Peschl appeals his bench trial convictions of second degree burglary and third degree theft.[1]  Peschl argues that (1)(a) specific findings of fact are not supported by substantial evidence, (b) there is insufficient evidence to support a conviction for second degree burglary, and (2) he received ineffective assistance of counsel at trial because his attorney failed to request that the trial court consider the lesser-included offense of second degree criminal trespass.  We affirm Peschl's convictions.

FACTS

I. BACKGROUND

In November 2013, Wayne Martin called the Skamania County Sheriff's Office after witnessing suspicious movement on fenced property owned by Skamania County.  Deputies Jay

---

[1] RCW 9A.52.030 and RCW 9A.56.050, respectively.

Johnston and Christopher Helton responded and found Peschl next to his truck, near the area where Martin had witnessed the movement. The officers observed scrap metal and metal pieces in Peschl's truck and a "fuel jug and red hose" next to the truck. Report of Proceedings (RP) (Nov. 24, 2015) at 24. Believing that Peschl had been siphoning fuel from county vehicles and stealing scrap metal and other items, the officers arrested Peschl. The State charged Peschl with second degree burglary and third degree theft. Peschl waived his right to a jury trial.

## II. BENCH TRIAL TESTIMONY

At Peschl's bench trial, Martin, Deputies Johnston and Helton, and county employee Clay Moser testified for the State. Martin, who was familiar with the area, had observed what appeared to be a figure in the "fenced area of the county yard." RP (Nov. 24, 2015) at 6. Martin called the sheriff's office after he saw the figure cross Rock Creek Drive, walking south, and enter another area, near the county motor pool building.

Deputies Johnston and Helton reported to the scene and found Peschl and his truck "next to the motor pool building," immediately south of Rock Creek Drive. RP (Nov. 24, 2015) at 17. Peschl told Deputy Johnston that Peschl's truck had run out of gasoline and that he had purchased gasoline and was filling his truck with it. The officers observed a fuel jug and a red rubber siphon hose near Peschl's truck and metal scrap and various other items in the back of Peschl's truck.

Suspicious that the items in Peschl's truck had been taken from the southern area, Deputy Johnston investigated the vicinity of the motor pool building. Deputy Johnston walked behind the motor pool building and confirmed that surplus metal stored in that area matched the items in the back of Peschl's truck. One vehicle in the southern area also had material matching Peschl's red

2

siphon hose on its fuel door. Deputy Johnston testified that the area behind the motor pool building was partially enclosed by a fence.

Deputy Helton investigated the area north of Rock Creek Drive, including a fenced area where county vehicles were parked. In this area, Deputy Helton smelled gasoline fumes and observed a spout that appeared to be a size that would fit Peschl's fuel jug and that had been left on a county vehicle. Both Deputy Helton and Moser, who worked in the northern area, testified that this area was completely enclosed by a fence.

### III. CLOSING ARGUMENT

In closing argument, defense counsel articulated weaknesses in the State's evidence and argued that the State had failed to prove the charged crimes' elements beyond a reasonable doubt. He argued that the State failed to prove that Peschl was ever in the enclosed area because Martin "could not even identify who that shadow belonged to. He definitely did not say that was Mr. Peschl, my client, who was in that . . . fenced in area." RP (Nov. 24, 2015) at 64. In addition, defense counsel argued that the State's arguments were "speculative" and required "leaps and bounds of faith" to conclude that "Mr. Peschl must have been in there." RP (Nov. 24, 2015) at 64-65. And counsel argued that, although Peschl and his truck were in an unfenced area near the two locations where the crimes allegedly occurred, he was there for a lawful purpose because his truck ran out of gasoline and he had pulled over to put gasoline in his truck.

### IV. CONVICTION, APPEAL, AND ENTRY OF WRITTEN FINDINGS

The trial court convicted Peschl of second degree burglary and third degree theft and sentenced Peschl to 40 days in jail. Peschl appeals his convictions.

The trial court subsequently entered written findings and conclusions including, as relevant to this appeal, that there was a fully enclosed area in which a witness observed movement, an officer smelled gasoline, and a fuel spout fitting Peschl's fuel jug was found. The trial court found that Peschl "penetrated into the completely enclosed area to the north" with the intent to steal gasoline and accordingly was guilty of second degree burglary. Clerk's Papers (CP) at 96. The trial court also found that Peschl was guilty of third degree theft, having taken scrap metal and other items from the County.

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

Peschl argues that the evidence presented at trial is insufficient to support a conviction for second degree burglary.[2] Specifically, Peschl contends that there is insufficient evidence to prove that he "entered" a "building" as defined by statute or that he had the intent to commit a crime therein. We disagree.

### A. RULES OF LAW

"To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). Following a bench trial, we review "whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law."

---

[2] Peschl also assigns error to the trial court's determination that he was guilty of "third degree theft." Suppl. Br. of Appellant at 2. But Peschl provides no argument that there is insufficient evidence to support his third degree theft conviction, and accordingly we do not address the third degree theft conviction. *See* RAP 10.3(a)(6).

*Homan*, 181 Wn.2d at 105-06. Substantial evidence is "evidence sufficient to persuade a fair-minded person of the truth of the asserted premise." *Homan*, 181 Wn.2d at 106. Unchallenged findings of fact and those supported by substantial evidence are verities on appeal. *Homan*, 181 Wn.2d at 106.

We review de novo challenges to conclusions of law. *Homan*, 181 Wn.2d at 106. "Where a conclusion of law is erroneously labeled as a finding of fact, we review it de novo as a conclusion of law." *State v. Z.U.E.*, 178 Wn. App. 769, 779 n.2, 315 P.3d 1158 (2014), *aff'd*, 183 Wn.2d 610, 352 P.3d 796 (2015).

"'Circumstantial evidence and direct evidence are equally reliable' in determining the sufficiency of the evidence." *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010) (quoting *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004)). Credibility determinations are up to the fact finder and are not reviewable on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

A person is guilty of second degree burglary "if, with intent to commit a crime against a person or property therein, [he] enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1). A "'[b]uilding'" includes a "fenced area" or any other structure used to lodge people, carry on business, or use, sell, or deposit goods. RCW 9A.04.110(5). To constitute a "fenced area," the area must be "completely enclosed," either by fencing alone or a combination of fencing and other structures. *State v. Engel*, 166 Wn.2d 572, 580, 210 P.3d 1007 (2009).

### B. SUBSTANTIAL EVIDENCE SUPPORTS THE CHALLENGED FINDINGS OF FACT

Peschl challenges findings of fact 2, 6, 7, 8, 10, 16, and 17.[3] Peschl argues that there was not substantial evidence to support the trial court's findings of fact insofar as the trial court found that Peschl *entered* an area that was *fully enclosed* with the *intent to commit a crime*.[4] We disagree.

### 1. SUBSTANTIAL EVIDENCE OF FULLY ENCLOSED AREA

Challenged findings of fact 2, 7, 8, 10, 16, and 17 include findings that the northern area was fully enclosed and fenced. At trial, two State witnesses testified that the area north of Rock Creek Drive was fully enclosed: Deputy Helton testified that entire area was surrounded by fences and gates, and Moser testified that the area was "totally enclos[ed]" and secured with gates. RP (Nov. 24, 2015) at 53. Peschl's arguments on this point conflate the testimony about the southern area where the scrap metal was located—which was *partially* enclosed—with the testimony about

---

[3] Peschl also challenges finding of fact 1 (that he was "caught in the act of stealing gas and scrap metal," CP at 94), 11 (that the scrap metal and items in Peschl's truck matched metal scrap stored in the southern area), 20 (that he was guilty of second degree burglary), and 21 (that he was guilty of third degree theft). Because the facts independently support that Peschl entered the fenced, northern area with the intent to commit a crime, it is not necessary to determine whether there is substantial evidence that Peschl actually stole gasoline, and we do not review the challenge to finding of fact 1. *See State v. Caldera*, 66 Wn. App. 548, 551, 832 P.2d 139 (1992). Similarly, whether or not Peschl stole scrap metal from a "building" is immaterial to his second degree burglary conviction, which was based upon his having entered the fenced northern area, not the partially fenced southern area where the scrap metal was stored. Accordingly, we do not review the challenge to finding of fact 11. *See Caldera*, 66 Wn. App. at 551. Findings of fact 20 and 21 are properly characterized as conclusions of law and are addressed below. *See Z.U.E.*, 178 Wn. App. at 779 n.2.

[4] Additionally, Peschl claims that the challenged findings were intentionally tailored to rebut the arguments in Peschl's appeal filed prior to the entry of findings. This argument is without merit because the entered findings of fact track the trial court's oral findings almost verbatim. *See State v. Ritter*, 149 Wn. App. 105, 108-09, 201 P.3d 1086 (2009) (finding no error when findings of fact entered after an appeal was filed were "almost identical to the court's oral ruling").

the northern area where the spout was found—which was *fully* enclosed.[5] Deputy Helton's and Moser's testimony constitute substantial evidence to support findings that the area north of Rock Creek Drive was fully enclosed. *See Homan*, 181 Wn.2d at 106.

2.    SUBSTANTIAL EVIDENCE PESCHL ENTERED THE FULLY ENCLOSED AREA

Challenged findings of fact 2, 8, and 16 include findings that Peschl entered the fully enclosed northern area. No witness testified to actually witnessing Peschl inside the fenced area. However, three witnesses' testimony provided circumstantial evidence that Peschl had entered the area—evidence that is just as reliable as direct evidence. *See Kintz*, 169 Wn.2d at 551. Martin testified that he saw a figure in the fenced area north of Rock Creek Drive. And the officers explained that when they reported to the scene, they found a fuel jug and siphon hose near Peschl's truck. Deputy Helton found a spout that fit the fuel jug on a county vehicle inside the fenced area and smelled gasoline fumes in the area. Viewing these three witnesses' testimony in the light most favorable to the State and drawing the reasonable inferences therefrom, there is substantial evidence that Peschl entered the fully enclosed northern area, leaving behind his fuel spout.

---

[5] Much of Peschl's argument rests on his premise that the trial court convicted him of burglary because it conflated the southern and northern areas. Peschl relies on the State's closing argument. It is true that the State argued that the southern area was a building as defined by statute, although the evidence was that the southern area was only partially enclosed by a fence, in addition to arguing its theory that the northern area was a building. But closing arguments are not evidence, and "[i]n the absence of evidence to the contrary, we presume the judge in a bench trial does not consider improper matters or inadmissible evidence in rendering a verdict." *In re Det. of H.N.*, 188 Wn. App. 744, 765, 355 P.3d 294 (2015), *review denied*, 185 Wn.2d 1005 (2016). Here, the trial court's written findings and conclusions show that the trial court properly rested its decision that Peschl entered a building upon the completely fenced northern area, and Peschl's concern regarding conflation of the two areas is unfounded.

3.     SUBSTANTIAL EVIDENCE TO SUPPORT INTENT TO COMMIT A CRIME

Challenged finding 17 includes the finding that Peschl's entry was "with the intent to steal, at the very least petrol." CP at 96. Challenged finding 6 includes that Peschl admitted that he needed fuel to fill his truck when the officers contacted him.

Deputy Johnston testified that Peschl stated that his truck had run out of gasoline and that Peschl was refilling it with gasoline that he had purchased. This evidence not only directly supports finding of fact 6 but also shows that Peschl "needed fuel." CP at 95.

The State also provided evidence that upon investigation, Deputy Johnston found material matching Peschl's siphon hose on the fuel door of one vehicle in the southern area, supporting an inference that Peschl had been siphoning fuel from county vehicles in both areas. And as discussed, Deputy Helton found a spout that fit Peschl's fuel jug on a vehicle in the northern, fully fenced area and smelled gasoline fumes in that area. Moser testified that Peschl did not have permission to enter the northern, fully fenced area. Thus, Deputy Helton's and Moser's testimony support an inference that Peschl had entered the northern, fully fenced area, was siphoning fuel from county vehicles, and left his fuel spout behind.

It is a reasonable inference from this evidence, taken collectively, that Peschl had entered the fully fenced northern area in order to steal gasoline and had left behind his fuel spout in the process. Neither is the evidence of intent to steal gasoline equivocal, as Peschl asserts. To the contrary, there was sufficient evidence to persuade a fair-minded trier of fact that the purpose of Peschl's entry into the northern area was to siphon gasoline from county vehicles. *See Homan*, 181 Wn.2d at 106. Accordingly, there is substantial evidence to support finding of fact 17, in addition to finding of fact 6. *See Homan*, 181 Wn.2d at 106.

4.    CONCLUSION: FINDINGS OF FACT BINDING ON APPEAL

There is substantial evidence to support that Peschl entered a fully enclosed area with the intent to commit a crime—stealing gasoline. Accordingly, we hold that findings of fact 2, 6, 7, 8, 10, 16, and 17 are verities on appeal and that Peschl's challenges to these findings of fact fail. *See Homan*, 181 Wn.2d at 106. Next, we look to whether the findings of fact support the conclusions of law. *Homan*, 181 Wn.2d at 105-06.

C.    CONCLUSIONS OF LAW

Peschl argues that the findings of fact are insufficient to support a conclusion that Peschl committed second degree burglary. In doing so, Peschl assigns error to the trial court's conclusions that he was guilty of second degree burglary, that a person commits second degree burglary when that person enters a building other than a vehicle or dwelling with the intent to commit a crime therein, and that a building includes a fenced area as defined by case law.[6] This argument fails.

The trial court correctly determined that the elements of second degree burglary are satisfied if there is proof that a person "with intent to commit a crime against a person or property therein" "enters or remains unlawfully in a building other than a vehicle or dwelling." RCW 9A.52.030(1). Indeed, conclusion of law 1 is a near verbatim statement of the second degree burglary statute. The trial court's conclusions also correctly reflect that a building includes a completely fenced area. *See Engel*, 166 Wn.2d at 580.

---

[6] Also addressed herein is Peschl's assignment of error to finding of fact 20, which is properly categorized as a conclusion of law. *See Z.U.E.*, 178 Wn. App. at 779 n.2. Finding of fact 21, that Peschl was guilty of third degree theft, is also challenged and is also properly considered a conclusion of law. However, Peschl provides neither argument nor citation to authority related to his guilt of third degree theft, and accordingly we consider this argument no further. *See* RAP 10.3(a)(6).

As discussed, substantial evidence supports the trial court's findings that the northern area was completely enclosed by a fence, that Peschl entered this area, and that Peschl did so with the intent to steal gasoline. These findings establish the elements required for second degree burglary: intent to commit a crime and unlawful entry into a building other than a vehicle or dwelling. *See* RCW 9A.52.030(1); *Engel*, 166 Wn.2d at 580. In this case, as the trial court correctly determined, the requirement of entry into a "building" was satisfied by Peschl's entry into a fully enclosed, fenced area. *See Engel*, 166 Wn.2d at 580. Accordingly, the trial court's findings support its conclusion that Peschl was guilty of second degree burglary, and we affirm Peschl's second degree burglary conviction.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Peschl argues that he is entitled to a new trial because he received ineffective assistance of counsel. We reject this argument.

### A. RULES OF LAW

Ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

Counsel's performance is deficient when it falls below an objective standard of reasonableness under prevailing professional norms. *State v. Townsend*, 142 Wn.2d 838, 843-44, 15 P.3d 145 (2001). To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *State v. Carson*, 184 Wn.2d 207, 216, 357 P.3d 1064 (2015). "A failure to satisfy either prong is fatal to an ineffective assistance of counsel claim." *State v. McLean*, 178 Wn. App. 236, 246, 313

P.3d 1181 (2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

Courts engage in a strong presumption that counsel's representation was effective. *Townsend*, 142 Wn.2d at 843. The defendant alleging ineffective assistance of counsel bears the burden of establishing deficient representation. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). A "defendant can rebut the presumption of reasonable performance by demonstrating that 'there is no conceivable legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). A defendant establishes prejudice by showing that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's deficient performance. *Grier*, 171 Wn.2d at 34. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Grier*, 171 Wn.2d at 34 (quoting *Strickland*, 466 U.S. at 694).

Counsel does not provide ineffective assistance for failing to argue for a lesser-included offense when a general denial of allegations is a legitimate strategy under the circumstances and raised by the defense at trial. *State v. Breitung*, 173 Wn.2d 393, 399-401, 267 P.3d 1012 (2011). And where arguments of guilt of a lesser-included offense would weaken the defendant's innocence claim, the failure to make these arguments is a reasonable strategy. *Breitung*, 173 Wn.2d at 399-400.

A person is guilty of second degree criminal trespass if he knowingly enters or remains unlawfully in or upon another's premises under circumstances not constituting first degree criminal trespass. RCW 9A.52.080.

B. DEFICIENT PERFORMANCE

Peschl argues that his counsel was deficient when he failed to argue that Peschl committed only the lesser-included offense of second degree criminal trespass.[7] This argument is unpersuasive.

Peschl asserts that his counsel could have argued at trial that Peschl committed only the lesser-included offense. However, defense counsel is not required to raise every possible defense but instead must meet an objective standard of reasonableness under prevailing professional norms. *Townsend*, 142 Wn.2d at 843-44.

When defense counsel uses a general denial strategy that is legitimate under the circumstances, he does not act deficiently by failing to argue for a lesser-included offense. *See Breitung*, 173 Wn.2d at 399-401. Here, in closing argument, defense counsel asserted a general denial that Peschl was ever present within the fenced area to the north and a general denial that Peschl committed the charged crimes. Counsel also argued that the State's evidence failed to prove Peschl's guilt beyond a reasonable doubt. It was reasonable for Peschl to raise a general denial to force the State to provide evidence to establish elements of the charged crimes beyond a reasonable doubt. *See Breitung*, 173 Wn.2d at 399-401. Under the general denial defense, Peschl was able to challenge the State's evidence by calling it "speculative" and asserting that the State had failed to show that Peschl entered the northern area, let alone that he stole anything there and manifested the necessary intent. Defense counsel argued that the State failed to prove that Peschl was ever in the fully enclosed area because Martin's testimony that he saw a figure moving in the fully

---

[7] Peschl also argues that the conviction must be vacated due to jury instruction error. However, this argument is without merit because the case proceeded as a bench trial.

enclosed area failed to prove that Peschl was the person in the area. If Peschl's counsel had argued that Peschl committed criminal trespass instead of burglary, defense counsel would necessarily concede that Peschl had actually entered the fully fenced area to the north. Instead, the State was forced to produce evidence proving Peschl's presence at the alleged burglary's location.

In addition, a general denial was reasonable because it allowed Peschl to provide innocent explanations for potentially incriminating facts and arguing that he committed the lesser-included offense would have undermined his claims of innocence. *See Breitung*, 173 Wn.2d at 399-400. Counsel argued in closing that, although Peschl and his truck were in an unfenced area near the two locations where the crimes allegedly occurred, he was there for a lawful purpose because his truck ran out of gasoline and he had pulled over to put gasoline in his truck. These innocent explanations for Peschl's proximity to the crime scenes would be undermined by argument that Peschl did, in fact, unlawfully enter the fenced area to the north. *See Breitung*, 173 Wn.2d at 399-400.

Because counsel's decision to not argue for a lesser-included offense was a legitimate tactic to bolster Peschl's claims of innocence, counsel's performance was not deficient. *See Grier*, 171 Wn.2d at 33. Accordingly, Peschl's ineffective assistance claim fails.

## C. PREJUDICE

Even assuming defense counsel's tactical decision not to argue the lesser-included offense constituted deficient performance, Peschl has failed to demonstrate that he was prejudiced.

Peschl argues that he was prejudiced because, if defense counsel had argued for the lesser-included offense, the fact finder could have convicted him of the less serious offense, which in turn would have resulted in less severe penalties. He argues that the evidence could have supported

that Peschl was present in the fully enclosed area but did not steal or intend to steal anything, such that trespass, not burglary, would be the appropriate crime. We disagree.

There is significant evidence that Peschl intended to commit a crime in the fenced area: namely, the siphon found next to his vehicle, the fresh odor of gasoline smelled by Deputy Helton within the fully enclosed area to the north, observations by Deputy Johnston that Peschl had siphoned fuel from vehicles in the nearby southern area, officers' observations of metal pieces in Peschl's truck matching metal pieces from behind the motor pool building, and Peschl's admission to officers that he was out of fuel. Given the considerable circumstantial evidence, there is not a reasonable probability that the outcome would have been different had defense counsel argued Peschl committed the lesser-included offense of first degree criminal trespass. *See Grier*, 171 Wn.2d at 34 (quoting *Strickland*, 466 U.S. at 694-95).

In addition, the trial court judge, as the trier of fact in a bench trial, may consider the charged offense as well as any lesser-included offense. *In re Pers. Restraint of Heidari*, 159 Wn. App. 601, 611, 248 P.3d 550 (2011), *aff'd*, 174 Wn.2d 288, 274 P.3d 366 (2012); *see also State v. Peterson*, 133 Wn.2d 885, 892-93, 948 P.2d 381 (1997). And the trial court may, sua sponte, convict a defendant of a lesser-included offense. *State v. Jollo*, 38 Wn. App. 469, 474, 685 P.2d 669 (1984). Thus, there is no prejudice resulting from defense counsel's failure to argue that Peschl committed the lesser-included offense.

Peschl has failed to demonstrate any prejudice resulted from the decision of defense counsel not to argue the lesser-included offense of second degree trespass, and his ineffective assistance claim fails.

No. 48365-3-II

CONCLUSION

All necessary challenged findings of fact are supported by substantial evidence and all challenged conclusions of law are supported by the findings of fact. Accordingly, we conclude that the evidence is sufficient to support Peschl's second degree burglary conviction. Further, Peschl did not receive ineffective assistance of counsel. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

OHANSON, P.J.

We concur:

LEE, J.

MELNICK, J.

15